In the Matter of RICHARD REDFIELD, Appellant-Respondent, v JAMES P. MELTON, as Commissioner of Motor Vehicles, et al., Respondents-Appellants. (Action No. 1.)

PEARL PERLOFF, Respondent-Appellant, v JAMES P. MELTON, as Commissioner of Motor Vehicles, et al., Appellants-Respondents. (Action No. 2.)

Third Department, June 9, 1977

*Emanuel Redfield* for Richard Redfield, appellant-respondent.

*Lea, Goldberg & Spellun, P. C. (Paul J. Goldberg* of counsel), for Pearl Perloff, respondent-appellant.

*Kissam, Halpin & Genovese (Anthony S. Genovese* of counsel), for New York State Automobile Association, *amicus curiae.*

*Louis J. Lefkowitz, Attorney-General (Joseph J. Micare* and *Ruth Kessler Toch* of counsel), for James P. Melton and another.

MAHONEY, J. These two appeals involve the same legal

questions and thus will be treated together. In both appeals licensed drivers were informed by the Department of Motor Vehicles that in order to obtain their driver's license renewals they would have to pay an extra fee known as a "driver safety assessment". Each of the drivers was required to pay this assessment, an extra $4.50, because each had had one or two convictions or bail forfeitures within the 36 months prior to the date his driver's license was scheduled to expire. In *Redfield* the petitioner commenced an article 78 proceeding wherein it is alleged that respondent commissioner's exaction of the extra assessment was illegal, arbitrary and capricious and unconstitutional. In *Perloff* the plaintiff instituted a declaratory judgment action seeking a declaration that so much of chapter 50 of the Laws of 1976 which authorizes the commissioner to establish license fees is invalid.* In each matter respondent's answer alleges that the required extra payment was mandated by newly-adopted regulations of the commissioner entitled subchapter M "Reimbursement for Administration of Driver Improvement Programs" (15 NYCRR Part 170), and that the regulations were made pursuant to legislative mandate (L 1976, ch 50, p 184). Special Term, in *Perloff,* declared respondent's regulations invalid, enjoined their enforcement and ordered that the extra $4.50 fee be refunded. In *Redfield,* Special Term deemed its holding in *Perloff* dispositive, annulled the respondent commissioner's determination, and directed refund of the extra $4.50 fee.

The central issue is whether the commissioner had the authority to promulgate new regulations (15 NYCRR Part 170) which permit the doubling of the normal license fee for license renewal to those drivers who have had "one or two convictions or bail forfeitures within the 36-month period preceding the stated expiration date of the driver's license being renewed" (15 NYCRR 170.2 [a] [1]). The generic legislation (L 1976, ch 50, p 184) appropriated $1,303,500 to fund the driver improvement program and further "provided that expenditures from this appropriation are to be reimbursed by the receipts from fees established by the Commissioner that are sufficient to cover the total cost of operating this program." To the extent that this legislative directive can be construed to mean that the commissioner was empowered to

---

* Chapter 50 of the Laws of 1976, being a budgetary appropriation, expired on March 31, 1977 and the disputed language was not re-enacted in the 1977 State budget.

spend only so much of the appropriation as could be funded from fees established under existing authority, we find no invalidity or constitutional impairment in its enforcement by the commissioner. To the extent, however, that the legislation may be interpreted as delegating authority to the commissioner to fix license fees, it is an unconstitutional delegation of legislative power.

A review of the appropriate sections of the Vehicle and Traffic Law readily discloses that it is the legislative intent to delegate authority to set "charges" or "fees" to be assessed against those licensed operators who *participate* in corrective programs (Vehicle and Traffic Law, § 523-a [Driver improvement clinic programs]; § 530 [Driver rehabilitation program as a condition to the issuance of a restricted use license]), and to retain the authority to fix fees for the issuance of licenses or registrations whether it be drivers' licenses (§ 503) or for licenses to operate drivers' schools (§ 394, subd 2) or for registration of repair shops (§ 398-c, subd 3, par [a]) or for the registration of vehicles (§§ 401; 410) or for the registration of dealers and transporters (§ 415, subd 6). Thus, the pattern is clear; the Legislature sets license fees and the commissioner sets fees for those who participate either by court order (§ 523-a) or otherwise in corrective programs. Therefore, to sustain the fixing of fees by the commissioner to reimburse expenditures from a budgetary appropriation would require sanctioning an administrative power in marked contrast to prior legislative directives in the same area. It would seem that such a departure from an established norm would require legislation unequivocal in its meaning. The subject statute (L 1976, ch 50, p 184) is unclear. It can be construed as authorizing the commissioner to expend only so much of the $1,303,500 appropriation as could be reimbursed from fees presently authorized. It also lends itself to the interpretation that the Legislature appropriated the money for a program that was to be established as of July 1, 1976, since that date is specifically fixed in the statute as the date of the program to be funded, when, in fact, no such program was created by statute or regulation to take effect on July 1, 1976.

Under this interpretation it would appear that the money was appropriated and the commissioner was authorized to set fees for a program that was never instituted. Such ambiguity is offensive to section 1 of article III of the New York State

Constitution which reads: "The legislative power of this state shall be vested in the senate and assembly." Pursuant to this constitutional mandate it is well settled that the Legislature may delegate discretion to an administrative agency to enable it to carry out policy determinations of the Legislature, but in so doing the Legislature is constitutionally required to furnish the agency with "rules and principles" to guide its exercise of discretion and to set the outer bounds of such discretion (*Matter of City of Utica v Water Pollution Control Bd.,* 5 NY2d 164; *Matter of Barton Trucking Corp. v O'Connell,* 7 AD2d 36, revd on other grounds 7 NY2d 299). Herein, the subject statute neither sets any bounds to the delegated authority, since it merely directs that the commissioner establish fees, nor does it formulate standards to govern the administrative exercise of the delegated discretion (*Matter of Small v Moss,* 279 NY 288). The statute does not define what the "driver improvement program" is and thus leaves to the commissioner's sole discretion the determination of what activities are encompassed in the program. There is "no clearly delimited field of action" (*Packer Coll. Inst. v University of State of N. Y.,* 298 NY 184). In the absence of legislative direction in the form of standards, the commissioner is left unaided in determining *who* should be required to pay the fees and *how much* each individual should be required to pay. Such unfettered discretion in an area (Vehicle and Traffic Law) otherwise characterized by explicit legislation with respect to license fees and other charges, stamps the subject legislation as an unconstitutional delegation of authority.

The judgment in Action No. 1 should be affirmed, without costs. The judgment in Action No. 2 should be modified, on the law, by declaring that so much of chapter 50 of the Laws of 1976 as authorized the Commissioner of Motor Vehicles to establish fees sufficient to cover the total cost of operating the driver improvement program was unconstitutional, and, as so modified, affirmed, without costs.

GREENBLOTT, J. P., SWEENEY, KANE and MAIN, JJ., concur.

Judgment in Action No. 1 affirmed, without costs. Judgment in Action No. 2 modified, on the law, by declaring that so much of chapter 50 of the Laws of 1976 as authorized the Commissioner of Motor Vehicles to establish fees sufficient to cover the total cost of operating the driver improvement

program was unconstitutional, and, as so modified, affirmed, without costs.

