OPINION OF THE COURT
Memorandum.
In this CPLR article 78 proceeding, respondent Cortlandt Nursing Care Center challenges the validity of Medicaid reimbursement rate ceilings established by appellant State Commissioner of Health for respondent’s medical facility.
Pursuant to the Public Health Law (§ 2807, subd 3), the commissioner is empowered to establish reimbursement rates "reasonably related to the costs of providing”[1] health-related services. To effectuate this legislative directive, the commissioner promulgated regulations for the computation of rate ceilings (see 10 NYCRR Part 86),[2] one of which grouped medical facilities for this purpose by, among other criteria, the type of facility and its size (10 NYCRR 86.13, as amd by 10 NYCRR 86-2.11). Applying this regulation, the commissioner, rather than placing respondent’s 120 bed facility, which is comprised of a 40 bed Skilled Nursing Facility (SNF) and an 80 bed Health Related Facility (HRF), in the 100-199 bed classification as provided in the rate ceiling regulation, subdivided respondent’s facility, placing the SNF and HRF in separate 51-99 bed classifications. (In so doing, the commissioner placed the 40 bed SNF in a larger size classification than a literal subdivision of the facility would have required.)
Respondent successfully contended in the courts below that appellant should have computed respondent’s Medicaid reimbursement rate ceilings by treating its facility as a single 120 bed entity, thereby reflecting more accurately its total operational costs. We have previously indicated, however, that the commissioner’s interpretation of a regulation is "controlling and will not be disturbed in the absence of weighty reasons.” (Matter of Sigety v Ingraham, 29 NY2d 110, 114.) Unless the commissioner’s determination is arbitrary and capricious, it must be sustained. (Severino v Ingraham, 44 NY2d 763, 764.)
Applying these principles to the instant case, we conclude *981 that the determination of the commissioner to subdivide respondent’s facility for computation of Medicaid reimbursement rate ceilings was not arbitrary and capricious. In view of the mixed services provided at respondent’s facility, no classification, whatever its form, would have been perfect. Subdivision of this facility, claims respondent, failed to take into consideration the greater operational costs of a 120 bed facility as opposed to two smaller facilities of 40 and 80 beds. In other words, respondent contends that the sum of the parts is greater than the whole. While this may be true, respondent’s argument ignores the equal inaccuracy entailed in treating respondent’s facility as a single entity. To do so would require that rate ceilings be computed as if respondent operated a 120 bed SNF (HRF rate ceilings are computed on the basis of 60% of SNF rate ceilings). Surely this method of computation would exaggerate respondent’s operational costs just as respondent claims the commissioner’s method of computation underestimated such costs.
Faced with these alternatives, the commissioner opted to subdivide respondent’s facility for computation of rate ceilings. Cognizant of the possibility of underestimation of operational costs which subdivision might entail, the commissioner placed respondent’s SNF in the 51-99 bed classification, rather than the 1-50 bed classification, notwithstanding the existence of only 40 SNF beds in respondent’s facility. Under these circumstances, we cannot say that the commissioner’s determination was arbitrary and capricious. It must, therefore, be sustained.
Accordingly, the order of the Appellate Division should be reversed, with costs, the determination of the State Commissioner of Health reinstated, and the petition dismissed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur in memorandum.
Order reversed, etc.

. (L 1968, ch 862, as amd.)

. These regulations have since been amended and are now contained in 10 NYCRR Subpart 86-2.