OPINION OF THE COURT
Lawrence H. Schultz, Jr., J.
Defendant was charged with violation of conditional discharge in that he had failed to satisfactorily participate in the New York State Drinking and Driving School as of July 6, 1982, by the Department of Motor Vehicles of the State of New York. The matter was remanded to Batavia City Court for proceedings therein. Defendant had been granted a conditional discharge as a result of a plea of guilty to subdivision 1 of section 1192 of the Vehicle and Traffic Law (driving while ability impaired) on March 3, 1982. Defendant was notified of the violation of the conditional discharge, and on July 21,1982 he was arraigned in Batavia City Court. A plea of not guilty was entered and a hearing was held before the court on September 1, 1982.
The violation of conditional discharge is dismissed; the Department of Motor Vehicles is ordered to restore the defendant’s license to operate a motor vehicle.
*901 Defendant had been arrested initially on February 22, 1982, for driving while intoxicated (Vehicle and Traffic Law, § 1192, subd 3). At the time of the arrest he had refused to take the breath test and upon arraignment, his license was suspended. A notice of temporary suspension and/or notice of hearing was served upon the defendant pursuant to section 1194 of the Vehicle and Traffic Law. His guilty plea to the violation of driving while ability impaired (Vehicle and Traffic Law, § 1192, subd 1) preceded the hearing date of March 9, 1982. It is not known if he did attend the hearing. Defendant’s sentence, on March 2,1982, was a conditional discharge to attend and complete the “Drinking/Driving School”, more properly defined as the Alcohol and Drug Rehabilitation Program, pursuant to article 21 of the Vehicle and Traffic Law. A $250 fine was paid by the defendant.
At the hearing, on the conditional discharge violation, the People’s witness was Mr. James Schmitt, a part-time instructor in the alcohol rehabilitation program for Gene-see County at the Genesee Community College, in Batavia. Mr. Schmitt is also a supervisor in the child welfare division of the Department of Social Services. He testified that he was not qualified as a counselor but was qualified to teach the program. His additional testimony was that the defendant had attended the seven-week rehabilitation program at the Genesee Community College. Thereafter he had been referred for additional evaluation to Park Ridge Hospital in Rochester, where all participants requiring evaluation were referred. In the course of the seven-week program, students are not only given instruction but various tests are administered and some counseling on alcoholism is given to participants. Various criteria are used to determine if the particular student can be certified upon the completion of the seven-week course, and certain criteria are used to recommend additional counseling which is authorized by the program. However, two standards are used by the “Drinking/Driving School” necessitating additional counseling: if the student refused to take the breathalyzer test at the time of his arrest; or, if he did take the test and it exceeded .18%. In those cases, the student would be required to take additional counseling *902 and go to Park Ridge Hospital in Rochester, for the evaluation. With regard to defendant Ogden, he had refused to take the test and therefore, after completing the seven-week course, he was sent to Park Ridge for evaluation.
At Park Ridge Evaluation Center the cost for the evaluation is $40. Thereafter individual counseling was required, with such counseling costing anywhere from $400 to $1,500. If the student satisfactorily completed the counseling, he would then receive his certification and the conditional discharge would be satisfied. In addition, those who had refused to take the breathalyzer test and had their license revoked, the license could be restored, pursuant to section 521 (subd 1, par [d]) of the Vehicle and Traffic Law.
The witness, Mr. Schmitt, further testified that there is in existence the Genesee Council on Alcoholism in Batavia, which did have a local program for counseling and evaluation. For reasons unknown to him, this local alcoholic council was not used; all participants in the program who required evaluation and counseling were directed to Park Ridge Hospital in Rochester.
It was the further testimony of Mr. Schmitt that he had contacted the defendant by telephone, that the defendant stated that he had refused counseling after the evaluation, because he did not have the money and could not afford the counseling and for this reason the defendant was remanded to the sentencing court as having “failed to satisfactorily participate in New York State Drinking/Driving Program.”
The defendant’s testimony was that he was employed on a full-time basis, that he earned a net pay of approximately $300 per week, and that because of seven dependents and debts to pay, that he was simply unable to afford the additional counseling which the Park Ridge Evaluation had recommended and insisted upon. When he complained to the evaluators at Park Ridge that this was beyond his ability to pay, he was told simply that he could go to the Department of Social Services for financial assistance. For reasons of economy, both money and to save travel time to Rochester, defendant sought consent to obtain counseling in Batavia with the Genesee Alcoholic Council. This was *903 denied. When defendant insisted on coming to Batavia for his counseling, he was discharged from the program as failing to “satisfactorily participate” in the program. This was after attending the weekly programs for seven weeks, paying for the seven-week program and paying for the evaluation.
There being no inconsistency in the witness’ testimony, the recitals would constitute the findings of facts.
The State of New York has instituted an excellent program under article 21 of the Vehicle and Traffic Law, entitled the Alcohol and Drug Rehabilitation Program. The courts of this State are now able, in sentencing defendants for violations of section 1192 of the Vehicle and Traffic Law, to impose a conditional discharge, as well as a fine, the condition being that the defendant shall attend a “Drinking/Driving School”, instead of merely suspending or revoking the defendants’ driver’s license. While the defendant is in the program, the commissioner can, in most instances, afford the defendant a conditional driver’s license which will enable the defendant to work, and use his driver’s license for certain delineated purposes (Vehicle and Traffic Law, § 521, subd 1, par [f]). By the use of the school and the benefits which accrue to the individual defendant, in this court’s experience, reoccurrence of repeat offenders is low.
The legislation (Vehicle and Traffic Law, §§ 520 — 523-a) outlines the program, established the commissioner’s authority and powers and generally specifies the programs which shall be followed. It further provides that no person shall be required to attend the program in excess of eight months unless recommended by the Department of Mental Hygiene or appropriate health officials. (Vehicle and Traffic Law, § 521, subd 1.)
In the instant situation, there appeared to be no conflict in the testimony, between the People’s witness and the defendant, that because the defendant had refused to take the breathalyzer test at the time he was arrested for driving under the influence of alcohol, that this fact, and this fact alone, mandated additional evaluation and counseling, following the completion of the normal seven weeks’ *904 attendance at the driver improvement clinic. It is this criteria which this court finds to be arbitrary, illegal and capricious, not authorized by the statute, nor apparently authorized by the commissioner’s regulations on the subject. (15 NYCRR Part 134.)
In Southworth v State of New York (62 AD2d 731, affd 47 NY2d 874), Justice Dillon held the following (p 743): “The procedures adopted for this experimental drivers’ program reflect the policy judgment of the State’s managerial and executive personnel acting within the province of their professional capacities. The soundness of the established method of operation is beyond review * * * [and] the reason that such review would constitute a judicial incursion into the immunized area of basic policy decision-making of a coordinate branch of government”.
It is undisputed that the Department of Motor Vehicles is authorized to adopt procedures requiring certain individuals to obtain additional counseling after the initial driver improvement clinic program. Unquestionably certain individuals should require additional counseling. It is the announced policy of the State to keep drinking drivers off the highways and to reduce “the ever-increasing number of accidents, personal injuries and deaths resulting from alcohol or drug-related traffic offenses”. (Vehicle and Traffic Law, § 520.) However, as a matter of law, it is this court’s decision that in the operation of the several improvement clinics, the State must follow legislated guidelines, or duly promulgated regulations.
In Matter of Redfield v Melton (57 AD2d 491, 495) that court stated: “it is well settled that the Legislature may delegate discretion to an administrative agency to enable it to carry out policy determinations of the Legislature, but in so doing the Legislature is constitutionally required to furnish the agency with ‘rules and principles’ to guide its exercise of discretion and to set the outer bounds of such discretion”.
The Legislature, in enacting article 21 of the Vehicle and Traffic Law (Alcohol and Drug Rehabilitation Program) has furnished the Commissioner of Motor Vehicles with the “rules and principles to guide its exercise of discretion” *905 and it has even “set the outer bounds of such discretion” by mandating that no person would be required to attend or participate in the program for more than eight months without a recommendation from a Department of Mental Hygiene or appropriate health officials. (Vehicle and Traffic Law, § 521, subd 1.) However, a defendant, on his plea of guilty, should have legal guidelines of sanctions, of what may be expected of him, and the programs established by the department, and by the Commissioner of Motor Vehicles. If the defendant enters the program, pays the fees required by the State for attendance, completes the course and upon completion of the seven-week program is informed that he requires additional counseling, not because of something which occurred during the program, but due to his actions which predated attendance, the action in requiring additional counseling at the defendant’s own expense is illegal.
The Criminal Procedure Law mandates that a defendant be fully advised and informed, not only of the charges placed against him, but of the possibilities of sentence or sanctions which may be imposed. (See, generally, CPL 170.10.) In People v Nixon (21 NY2d 338, 345) the court held that: “The defendant must also be advised of the various penal sanctions to which he, in particular, is made subject by his plea.” If the court is unaware of the various sanctions and procedures, if the defense counsel is unaware of these procedures, and neither is able to fully inform the defendant upon his plea of guilty, the defendant is being treated illegally by the Commissioner of Motor Vehicles. The defendant has a right to be informed. He cannot be considered to be informed when he enters a program and is told after completing the program that he must obtain further evaluation and thereafter further counseling for an act committed at the time of his arrest and for which no information was supplied by the commissioner.
This court is further distressed by the actions of the local rehabilitative program in mandating all evaluations and counseling to the Park Ridge Hospital of Rochester. Without directing the Department of Motor Vehicles to utilize the Genesee Council of Alcoholism for such evaluation and counseling, it would seem appropriate for the program to *906 utilize this local agency. The Park Ridge Hospital may have excellent facilities, but it is many miles distant, and the local council could be more accessible for local participants. If the Department of Motor Vehicles can utilize the facilities of the Genesee Community College for education, it could certainly use a local resource for purposes of evaluation and counseling, and such is available by the Genesee Council of Alcoholism here in Batavia. If the facilities offered at the Genesee Council of Alcoholism are adequate, it would further appear to be an arbitrary and capricious act for the rehabilitation program to insist that its participants go to the Park Ridge facility in Rochester.
It is the decision of this court that the action of the Commissioner of Motor Vehicles was illegal, arbitrary and capricious, that the defendant’s motor vehicle operator’s license shall be restored to him immediately, that the charge of violation of conditional discharge is herewith dismissed, and that one half of the monetary fine imposed at the time of sentencing be returned to the defendant, Robert J. Ogden.