■ In the Matter of GRACE PLAZA OF GREAT NECK, Petitioner, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Department of Health which denied petitioner's application for an increase in its 1977 Medicaid reimbursement rate. Petitioner is a licensed skilled nursing home and health-related facility and, as a provider of services under the Medicaid program, is reimbursed by the State of New York for services rendered to Medicaid-eligible patients. Respondents, Commissioner of Health and Director of the Budget, are responsible for establishing a system of cost-related rates for such reimbursement. The rate is set prospectively based on actual costs "chargeable to necessary patient care" incurred by a facility during a prior base year (10 NYCRR 86-2.17 [a]). In the instant proceeding, petitioner disputes its reimbursement rate for the period April 1, 1977 through December 31, 1977. Such rate was based on petitioner's costs for the base year of 1975. At issue here are a $2,500 rental expense claimed by petitioner and petitioner's request to retroactively change its depreciation method for certain motor vehicles for calendar years 1973 and 1974. After a hearing, respondent Commissioner of Health disallowed the rental expense and denied the request to change the depreciation method. Petitioner then commenced this CPLR article 78 proceeding which has been transferred to this court for disposition. The $2,500 rental expense represents a proportionate share of the rent for an office outside of the facility which was used by George and Edward Strausman, owners and administrators of the facility, primarily for their construction business. Petitioner claims that, because of an unanticipated increase in staff, there was insufficient room at the facility for an administrative office, such that use of the outside office was necessary. However, the record also contains evidence that the facility did have a conference room which could have been used for business-related meetings. Moreover, petitioner had the burden of proof at the hearing (*Matter of Westledge Nursing Home v Axelrod,* 90 AD2d 915). In our

view, respondents' determination that the outside office was not necessary is supported by substantial evidence and, therefore, should not be disturbed (see *Matter of Mayflower Nursing Home v Office of Health Systems Mgt.*, 59 NY2d 935). Petitioner also argues that respondents' determination was based on an inflexible policy that expenses for an outside office are never allowed for reimbursement and that such policy has never been properly promulgated as a regulation (see *Long Is. Coll. Hosp. v Whalen*, 68 AD2d 274). While the record lends some support to the conclusion that the Department of Health may have had such a policy, it is apparent that the hearing officer's decision was in no way based on any policy, but was based on the evidence put forth at the hearing. Thus, petitioner's argument must fail. Dealing next with the depreciation issue for the years 1973 and 1974, petitioner reported depreciation on certain motor vehicles on an accelerated basis such that a greater amount of the cost of such vehicles was reported in the earliest years after purchase. Because of a "ceiling" imposed by respondents, petitioner was not reimbursed for the full amount reported for those two years. For the year 1975, petitioner changed to the "straight line" depreciation method and the amount reported was less than the ceiling for that year. Petitioner then realized that had it used the straight line method of depreciation from the beginning, each year's amount reported would have been less than the ceiling, such that the full amount of the cost of the vehicles would have been reimbursed. Petitioner then sought to revise its 1973 and 1974 depreciation schedules to change to the straight line method. This request was denied by the Department of Health. The regulations of the Department of Health provide that: "Errors resulting from submission of fiscal and statistical information by a residential health care facility may be corrected if brought to the attention of the State Commissioner of Health within 120 days of receipt of the commissioner's initial rate computation sheet" (10 NYCRR 86-2.13 [a]). In this case, petitioner's request to change methods of depreciation was not made until 1975, well after the 120-day period. Petitioner points out that its appeal dealt with the April through December 31, 1977 reimbursement rate which was calculated using 1975 as the base year. Thus, petitioner argues, its challenge to 1975 cost allowance is raised in the context of its timely challenge to the rate determined in 1977. We disagree. The fact that the 1977 rate is based on costs in 1975 as a base year does not create an extension or tolling of the time to make adjustments or correct errors to the cost report of the base year. The obvious purpose of the regulation is to lend some degree of finality to cost reports submitted by residential health care facilities. If petitioner wished to amend its 1973 and 1974 costs reports to change the method of depreciation, it should have done so promptly. Its request in 1975 was untimely and it cannot raise the issue in the context of its appeal of a reimbursement rate in 1977 simply because 1975 is the base year for that rate. Therefore, petitioner's contention that respondents' denial of its request to modify the method of depreciation was arbitrary and capricious is without merit. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.