AMERICAN ASSOCIATION OF BIOANALYSTS, Respondent-Appellant, v DAVID AXELROD, as Commissioner of Health of the State of New York, Appellant-Respondent. (Action No. 1.)

HOSPITAL ASSOCIATION OF NEW YORK STATE, INC., et al., Respondents, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants. (Action No. 2.)

Third Department, January 3, 1985

54

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General (Alan W. Rubenstein* and *William J. Kogan* of counsel), for appellant-respondent and appellants.

*Segal & Sherrin (Jeffrey J. Sherrin* of counsel), for respondent-appellant.

*Pattison, Sampson, Ginsberg & Griffin (Gerald H. Katzman* of counsel), for respondents.

**OPINION OF THE COURT**

KANE, J.

These two actions are for declaratory judgment and injunctive relief. They involve the same legal questions and thus were jointly decided by Special Term.

In both actions, plaintiffs are clinical laboratories which were billed for laboratory inspection and reference fees by the Department of Health (department) on May 27, 1983. The fees so assessed were the result of a sliding-scale fee schedule based upon the "annual volume of tests performed and/or specimens examined" (see 10 NYCRR 58-3.1 [b]), established by the department pursuant to subdivision 4 of section 576 of the Public Health Law. Although regulations were promulgated pursuant to that statute (10 NYCRR subpart 58-3), the fee schedule itself was not made a part of those regulations.[1]

---

1. The department has since amended the regulations so as to include the schedule itself (10 NYCRR 58-3.1 [c], as amd March 30, 1984, eff March 30, 1984). This amendment occurred subsequent to entry of the orders being

These laboratories were informed that their permits would expire on June 30, 1983, and would not be renewed unless payment of the fees was received by June 16, 1983. They were also informed that "appropriate action" would be taken to ensure that operations ceased at those laboratories whose permits were not renewed.

Plaintiffs then commenced the present actions[2] seeking a declaration that subdivision 4 of section 576 of the Public Health Law, the department's regulations (10 NYCRR subpart 58-3) and the inspection and reference fee schedule are unconstitutional, invalid, arbitrary and capricious and a denial of equal protection. They also seek to permanently enjoin the department from enforcing the fee schedule. Plaintiff Samaritan Hospital in Action No. 2, further seeks a declaration that the regulation improperly failed to provide for automatic Medicaid reimbursement rate adjustment.

Special Term, in Action No. 1, granted plaintiff a preliminary injunction. In both actions, plaintiffs' motions for discovery were granted and defendant's[3] motions for summary judgment were denied. Additionally, Special Term, in Action No. 1, denied plaintiff's cross motion for summary judgment. These cross appeals and appeal ensued.

Subdivision 4 of section 576 of the Public Health Law (as amd by L 1981, ch 103, § 142; L 1981, ch 517, § 2) requires the department to adopt rules and regulations "establish[ing] schedules of inspection and laboratory reference fees in amounts not exceeding the estimated cost of the program and subject to the approval of the director of the budget". The regulations (10 NYCRR subpart 58-3) implement this statute by imposing a "slidingscale" fee on each laboratory based upon the annual volume of tests performed by each.

■ Plaintiffs contend that this statute imposes a tax inasmuch as it does not provide for the return of amounts collected in excess of actual cost and the fee schedule established by defendant exceeds actual cost. This argument must be rejected.

Plaintiffs' only support for their contention that the amount of fees collected exceed actual cost is the fact that the director of

appealed here.

2. Action No. 2 was originally commenced as a CPLR article 78 proceeding and was converted to a declaratory judgment action by Special Term pursuant to CPLR 103 upon stipulation of the parties. Also, plaintiffs' motion for class action certification in Action No. 2 was denied and that part of the order has not been appealed.

3. Defendant refers to David Axelrod, as Commissioner of Health of the State of New York, unless otherwise indicated.

budget changed defendant's estimated cost from $1.8 million to $2.5 million. This does not establish that the fee schedule imposes a tax (see *Matter of Joslin v Regan,* 63 AD2d 466, 471, 472, affd 48 NY2d 746). The purpose of the subject statute is to recover the cost of regulating clinical laboratories, not to raise revenue for the support of government generally (Public Health Law, §§ 570, 576, subd 4; see *People v Brooklyn Garden Apts.,* 283 NY 373, 381-382). The assessment is, accordingly, a fee as that term has been defined (*American Sugar Refining Co. v Waterfront Comm.,* 55 NY2d 11, 26-27, app dsmd 458 US 1101; see *Matter of Joslin v Regan, supra,* pp 471-472).

■ The thrust of plaintiffs' next argument is that the subject statute does not articulate objective standards delimiting defendant's discretion in establishing the fee schedule. Plaintiffs thus contend that the statute violates section 1 of article III of the New York State Constitution. Defendant contends that the statute's purpose to have the industry bear the cost of the subject program and the implied reasonableness standard provide sufficient standards. We agree.

Unlike *Matter of Redfield v Melton* (57 AD2d 491, 494-495), upon which plaintiffs rely, subdivision 4 of section 576 of the Public Health Law is unambiguous as to what power is being conferred upon defendant inasmuch as there is no prior action by the Legislature indicting an intent to retain authority to fix these fees. Moreover, the instant program has been in existence since 1964 (L 1964, ch 217), and the statute provides a definition of the program for which defendant is to recover the cost (Public Health Law, § 571, subd 4).

In sum, the Legislature has a right to recover the cost of a regulatory program prior to those costs being incurred (*Matter of Joslin v Regan, supra,* pp 471-472). To do so, the fee schedule must be based of necessity upon ever-changing estimated costs. Since the department administers the program, it is in a position to determine such estimated costs and how much to charge each laboratory. In doing so, defendant's discretion is admittedly delimited in two ways: (1) the fee schedule must be established so as to recover no more than the *reasonable* estimated costs of operating the program (Public Health Law, § 576, subd 4), and (2) the fee charged to each individual laboratory must be reasonable and equitably allocated (see *Matter of Trustees of Vil. of Saratoga Springs v Saratoga Gas, Elec. Light & Power Co.,* 191 NY 123, 146-147). Indeed, the standards enumerated above are no less sufficient than those which have previously been upheld (see, e.g., *Matter of Levine v Whalen,* 39 NY2d 510, 515-517;

*Matter of Trustees of Vil. of Saratoga Springs v Saratoga Gas, Elec. Light & Power Co., supra,* pp 146-147). Consequently, we find no unconstitutional delegation of lawmaking authority.

■ We now turn to a consideration of the fee schedule established by defendant. Initially, we find plaintiffs' equal protection argument to be without merit. Contrary to plaintiffs' suggestion, "equal protection does not require that all classifications be made with mathematical precision" (*Matter of Tolub v Evans,* 58 NY2d 1, 8, app dsmd 460 US 1076).

Plaintiffs next contend that the schedule itself was required to be filed and properly promulgated together with the regulation (10 NYCRR subpart 58-3; see NY Const, art IV, § 8; State Administrative Procedure Act, §§ 202, 203). Defendant asserts that the schedule did not have to be filed inasmuch as it is, itself, not a rule.

■ Contrary to defendant's assertion, the fact is that subdivision 4 of section 576 of the Public Health Law requires that *"[s]uch rules and regulations shall establish schedules of inspection and laboratory reference fees"* (emphasis added). Accordingly, the statute requires the fee schedule to be part of the regulation and properly promulgated therewith (cf. *Matter of Organization to Assure Servs. for Exceptional Students v Ambach,* 56 NY2d 518, 521). Since the fee schedule was not properly promulgated and filed, it is ineffective regardless of any knowledge plaintiffs may have had of it (see *People v Cull,* 10 NY2d 123; see, also, *Matter of Aurelia Osborn Fox Mem. Hosp. v Axelrod,* 103 AD2d 509; *Matter of New York State Coalition of Public Employers v New York State Dept. of Labor,* 89 AD2d 283, affd 60 NY2d 789). Defendant cannot retroactively benefit from the amended regulation since, by its own terms, it was not effective until March 30, 1984 (10 NYCRR 58-3.1 [c], as amd March 30, 1984, eff March 30, 1984).

The above determination technically determines the appeal in plaintiffs' favor for the period in question and, accordingly, we need not reach plaintiffs' remaining contentions. However, as the subject fee schedule has now been properly promulgated and remains the same as those challenged herein, we construe the complaints as also challenging the current fee schedule.[4] Accordingly, we entertain plaintiffs' contention that the fee schedule is not rationally based and was arbitrarily conceived. With

---

4. In legislation signed by the Governor on December 18, 1984, subdivision 4 of section 576 of the Public Health Law was amended, effective immediately (L 1984, ch 993). The amendment establishes the fee schedule to be used by the department. Our reference to the current fee schedule, accordingly, refers to the fee schedule as it existed until it was superseded by chapter 993 of the Laws of 1984.

respect to this contention, we agree with Special Term that the case should not further be decided in a piecemeal manner and that "discovery is necessary to develop a major portion of the plaintiffs' position". Consequently, with respect to the fee schedule properly promulgated, we affirm Special Term's decision on the disclosure motions and, except as otherwise noted herein, upon the summary judgment applications.

MAHONEY, P. J., CASEY, WEISS and LEVINE, JJ., concur.

Order in Action No. 1, modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment on the first, third and sixth causes of action and denied plaintiff's cross motion for summary judgment on its fourth cause of action; summary judgment granted to the respective parties on said causes of action, and it is declared that the fee schedule was not properly promulgated and filed and, accordingly, is ineffective; and, as so modified, affirmed.

Order in Action No. 2, modified, on the law, without costs, by reversing so much thereof as denied defendants' cross motion for summary judgment on plaintiffs' sixth and ninth causes of action; summary judgment granted to defendants on said causes of action, summary judgment granted to plaintiffs on their second cause of action, and it is declared that the fee schedule was not properly promulgated and filed and, accordingly, is ineffective; and, as so modified, affirmed.