■ In the Matter of CHARLES SIGETY, Doing Business as FLORENCE NIGHTINGALE NURSING HOME, Petitioner, v DAVID AXELROD, as Commissioner of Health of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of

the Commissioner of Health which sustained the 1980 Medicaid reimbursement rate allowed petitioner.

Petitioner, a residential health care facility, disagreed with the Department of Health's determination of petitioner's 1980 per diem Medicaid reimbursement rate. The 1980 reimbursement rate was based on petitioner's operations and financial condition in 1978 as provided for by sections 2807 and 2808 of the Public Health Law. At the administrative hearing which was held at petitioner's request, three issues were raised. Petitioner alleged that the department's (1) procedures for calculating the return on equity were not in accordance with 10 NYCRR 86-2.28; (2) refusal to reimburse petitioner for the total amount of its 1978 salaries paid to operators and administrators was erroneous; and (3) denial of reimbursement of legal expenses incurred in 1978 in connection with an investigation of petitioner by a special prosecutor investigating nursing homes was improper. Following the hearing, the administrative law judge (ALJ) concluded as to each point raised by petitioner that there were no issues of fact presented. Respondent adopted the ALJ's recommendation completely and the instant CPLR article 78 proceeding ensued.

We disagree with the ALJ's determination that the matters raised by petitioner did not create factual issues. There can be no doubt that the department's decision not to reimburse petitioner for legal expenses incurred during an investigation conducted by the special prosecutor contained inherently factual issues. Since the department is authorized to reimburse for legal expenses (10 NYCRR 86-2.17), its decision not to do so in this case was a subjective one and, quite obviously, made on the facts peculiar to this case.

The regulations under which the department operates provide that a residential health care facility is entitled to "an annual rate of return on average equity, as such average annual equity shall be determined by the commissioner" (10 NYCRR 86-2.21 [e] [6]). The average annual equity figure includes operating capital of the facility "net of liabilities" (10 NYCRR 86-2.21 [a] [4]). Petitioner contends that the department's reimbursement calculation procedure results in a double exclusion of the current year mortgage expense. If true, the result would be an erroneous reduction in the portion of petitioner's equity comprised of average working capital on hand, with a concomitant diminution in the reimbursement of capital costs to which petitioner is entitled (10 NYCRR 86-2.21 [e] [6]). Absent proper findings of fact by the ALJ, and on the basis of the inadequate hearing held on this issue, we are unable to reach any conclusion on petitioner's contention.

Finally, petitioner contends that the department improperly applied an internal rule available to its own rate reviewers, but not published as a regulation. We agree. Respondent's internal rules regarding acceptable salary limitations cannot be binding on petitioner until such time as they are properly published (see *Matter of New York State Coalition of Public Employers v New York State Dept. of Labor,* 60 NY2d 789, 791; *Matter of Aurelia Osborn Fox Mem. Hosp. v Axelrod,* 103 AD2d 509).

This matter is remitted to respondent for an administrative hearing on the issue of calculating petitioner's average working capital equity. The record produced at the hearing should include testimony and documentary evidence fully setting forth the calculations each party claims to be proper (see *Matter of Matinzi v Joy,* 96 AD2d 780, 781, affd 60 NY2d 835; *Matter of Sigety v Axelrod,* 91 AD2d 1091, 1092). We also direct that adequate findings of fact be set forth with reference to each of the two remaining issues raised by petitioner in this proceeding, complemented by respondent's legal conclusions on the basis of those findings of fact (State Administrative Procedure Act, § 307).

Determination annulled, with costs, and matter remitted to respondent for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.