In the Matter of EDEN PARK HEALTH SERVICES, INC., et al., Respondents, v DAVID AXELROD, as Commissioner of the State of New York Department of Health, Appellant.—Main, J. Appeal from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered June 19, 1984 in Albany County, which partially granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul determinations of respondent regarding petitioners' 1978 and 1979 Medicaid reimbursement rates.

Petitioner Eden Park Health Services, Inc., is the operator, and petitioner Eden Park Management, Inc., is the owner of nine residential health care facilities. As providers of services under the Medicaid program, petitioners are reimbursed by the State for services rendered by them to Medicaid-eligible patients. This proceeding concerns 11 administrative rate determinations by respondent, involving 94 separate items, made with respect to petitioners' facilities. Finding that no issues of fact were presented, Department of Health rate review officers denied 86 of the 94 items. Accordingly, petitioners were not granted a hearing with regard to any of these items *(see,* 10 NYCRR 86-2.14 [b] [2]). Thereafter, petitioners instituted the instant CPLR article 78 proceeding to review the determinations of respondent. Special Term granted the petition with regard to many of the items, finding in most instances that respondent's determinations were arbitrary and

capricious. On this appeal, respondent challenges Special Term's decision as to only five of the items with respect to which the court annulled his determination.

The first item concerns the time limitations set forth in 10 NYCRR 86-2.13 with regard to requests for correction of rates. Under 10 NYCRR 86-2.14 (a) (2), respondent may consider only applications for revisions of certified rates which have been brought to his attention within the time limits prescribed in 10 NYCRR 86-2.13. That section provides, *inter alia,* that errors in rates may be corrected if brought to the attention of respondent within 120 days of receipt by a facility of respondent's rate computation sheet (10 NYCRR 86-2.13 [a]; *see, Matter of Grace Plaza v Axelrod,* 99 AD2d 575, 576). Here, respondent denied petitioners' request for an extension of this 120-day period of limitation and processed only those items filed within the period. Special Term annulled that determination, finding that petitioners were entitled to a reasonable added time to appeal certain items. We disagree with Special Term. In light of the regulations and the purpose thereof *(see, Matter of Grace Plaza v Axelrod, supra),* we find that respondent's denial of petitioners' request for a time extension was neither arbitrary nor capricious and, therefore, should have been confirmed.

The second item in issue on appeal concerns respondent's determination on administrative salaries. Specifically, respondent has, pursuant to 10 NYCRR 86-2.11 (g), placed ceilings on the amount of reported base-year costs for administrative salaries deemed allowable for reimbursement purposes. Several years ago, respondent had allowed petitioners to allocate the salaries of senior officers of its central management organization as connected with either "administrator" or "nonadministrator" duties, with only the former falling within the ceiling. Recently, however, respondent has modified his policy so that all senior central management salaries are now subject to the ceiling. Here, in conformance with the most recent policy, respondent included the salaries of senior officers of petitioners' central management organization within the aggregate salaries held to the ceiling. It was the determination of Special Term that the change in respondent's policy, without advance notice to petitioners, was arbitrary and capricious and lacking a rational basis. We disagree. There is nothing in the Department of Health's regulations or the statutory authority therefor (Public Health Law § 2803 [2]; § 2808) requiring respondent to give notice of a change in his policy regarding the ceiling in question, and we find that respondent's

determination as to the particular staff positions involved here was neither arbitrary nor capricious. Furthermore, we find that the policy in question was not a fixed standard required either by statute or our State Constitution (NY Const, art IV, § 8) to be published as a regulation *(see, Long Is. Coll. Hosp. v Whalen,* 68 AD2d 274, 276). Therefore, Special Term should have confirmed respondent's determination on this item.

With regard to the third item involved, we agree with the determination of Special Term, which found that respondent had applied a ceiling with respect to movable equipment but had never promulgated that ceiling as a regulation pursuant to 10 NYCRR 86-2.22. That regulation states that "expenses related to movable equipment * * * are considered allowable costs for residential health care facilities subject to such ceilings as may be established and promulgated by" respondent *(id.).* There is no question that 10 NYCRR 86-2.22 required this particular ceiling to be promulgated and filed. Since this was not done, the ceiling was ineffective regardless of any knowledge that petitioners may have had of it *(see, American Assn. of Bioanalysts v Axelrod,* 106 AD2d 53, 57, *appeal dismissed* 65 NY2d 847).

In connection with the fourth item, respondent contends that the rate review officer properly refused to increase petitioners' base-year automobile and property insurance costs by the applicable trend factor in setting prospective rates. Respondent found that the matters raised by petitioners did not create any factual issues necessitating a hearing, but Special Term found this determination to be arbitrary and capricious. Special Term was correct in so concluding. Our review of the record reveals the existence of several issues of fact, thus requiring that an administrative hearing be conducted with regard to this item *(cf. Matter of Samaritan Hosp. v Axelrod,* 107 AD2d 911).

Finally, we agree with Special Term's determination with regard to the fifth item in dispute. Respondent argues that the rate review officer properly refused to allow petitioners' claims for reimbursement of bad debt expenses. Special Term ordered that petitioners be given a hearing with regard to such bad debts, the origin of which is unclear. At that hearing, in order to have their claim allowed on this item, petitioners must show, *inter alia,* that the bad debts in question were related to covered services and derived from deductible and coinsurance amounts and that reasonable collection efforts had been made (10 NYCRR 86-2.17 [a]; 42 CFR 405.420 [d], [e]).

Judgment modified, on the law, without costs, by deleting

therefrom the third and ninth decretal paragraphs; petition dismissed with regard to the appeal items enumerated therein; and, as so modified, affirmed. Mahoney, P. J., Kane, Main, Casey and Harvey, JJ., concur.