■ In the Matter of Grace Plaza of Great Neck, Respondent, v David Axelrod, as Commissioner of Health of the State of New York, Appellant.—Mercure, J. Appeal from a judgment of the Supreme Court (McDermott, J.), entered October 3, 1988 in Albany County, which, inter alia, granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul determinations of respondent regarding petitioner's 1978 and 1979 Medicaid reimbursement rates.

Petitioner is a licensed skilled nursing facility (hereinafter SNF) and health-related facility (hereinafter HRF) located in the Village of Great Neck, Nassau County. As a provider of services under the Medicaid program, petitioner receives reimbursement through a combination of Federal and State funds for the care it renders to its covered patients. After being notified by respondent of its Medicaid reimbursement rates for 1978 and 1979, petitioner filed rate appeals identifying 30 separate reimbursement issues. Following administrative review, respondent affirmed the rates; petitioner's subsequent request for an administrative hearing was granted with respect to two of the items and denied as to the balance because of the absence of factual issues (see, 10 NYCRR 86-2.14 [b] [1], [2]). Petitioner then instituted this CPLR article 78 proceeding to review respondent's determinations as to 11 of the items. Supreme Court granted petitioner relief on all of the issues raised, finding either that respondent's determinations were arbitrary and capricious or that petitioner should have been

afforded an administrative hearing. This appeal followed, with respondent challenging Supreme Court's decision with respect to only five of the items.

Relying on *American Assn. of Bioanalysts v Axelrod* (106 AD2d 53, *appeal dismissed* 65 NY2d 847), Supreme Court determined that the administrative salary ceiling was invalid because it was not published in regulation form and therefore did not have the effect and force of law. Petitioner concedes, however, that its claim in reference to the administrative salary ceiling was properly denied by respondent given this court's more recent decision that "a salary ceiling is not such a 'fixed standard' that its publication as a regulation is an indispensable statutory or constitutional requirement" *(Matter of Hudson Val. Nursing Center v Axelrod,* 130 AD2d 862, 866; *see, Matter of Eden Park Health Servs. v Axelrod,* 114 AD2d 721, 723).

Next, petitioner claims that respondent acted arbitrarily and capriciously in treating petitioner as a single, uniform facility of 214 beds for the purpose of applying the administrative salary ceiling while, at the same time, refusing to permit petitioner to offset the amount it was over ceiling with respect to its 108-bed HRF base-year costs against the amount it was under ceiling with respect to its 106-bed SNF base-year costs. In other words, petitioner contends that respondent may not rationally separate petitioner's facilities for one purpose and combine them for another. We disagree. Clearly, the burden was on petitioner to establish that respondent has acted in an arbitrary and capricious manner, or in violation of the Public Health Law *(see, Matter of Severino v Ingraham,* 44 NY2d 763). To be sure, Medicaid reimbursement for the 106-bed SNF and the 108-bed HRF differed because SNF patients require more attention and thus cost more to care for than HRF patients *(see,* Public Health Law § 2801 [2], [4] [b]). Furthermore, the ceilings ensure that Medicaid rates reflect only efficiently incurred costs and give inefficient facilities an incentive to improve their efficiency. Given the purpose of the ceilings, we cannot say that respondent acted unreasonably in determining that it would be inappropriate to allow the inefficiency of petitioner's HRF (as reflected in the fact that it is over ceiling) to be sheltered by the efficiency of its under ceiling SNF *(see, Matter of Cortlandt Nursing Care Center v Whalen,* 46 NY2d 979).

Nor was it unreasonable, under the circumstances of this case, for respondent to treat petitioner as a single facility for the purpose of applying the administrative salary ceiling.

Here, as in *Cortlandt (supra),* respondent had a rational basis to depart from the literal grouping requirements of the regulation. Since petitioner did not employ separate administrators for its HRF and SNF units, it was reasonable that a single salary ceiling, reflecting the administering of a 214-bed residential health care facility, be applied *(see, supra; Matter of Severino v Ingraham,* 44 NY2d 763, *supra; see also,* Public Health Law § 2807 [former (3)]).

In our view, Supreme Court also erred in determining that the expense of petitioner's listing in the Yellow Pages was a fully allowable cost. Since 10 NYCRR 86-2.17 (h) applies to advertising costs, prohibiting recognition of "direct or indirect costs of advertising", Medicare reimbursement principles should not have been applied *(see,* 10 NYCRR 86-2.17 [a]; *Matter of Hudson Val. Nursing Center v Axelrod,* 130 AD2d 862, 865-866, *supra).* We do conclude, however, that a factual issue exists as to whether the listing was for the nonreimbursable purpose of attracting patients or, on the other hand, was a recoverable informational listing to inform other health care providers of its location, services and telephone number, requiring remittal for an administrative hearing *(see,* 10 NYCRR 86-2.14 [b] [2]; *Matter of Sigety v Axelrod,* 107 AD2d 985).

Turning to petitioner's remaining arguments, we reject the claim that petitioner is entitled to additional motor vehicle depreciation reimbursement for 1978 and 1979. Significantly, the vehicles have already been fully depreciated in prior rate years according to petitioner's own cost reports. Since petitioner was administratively time barred from retroactively adjusting and refiling these cost reports *(see, Matter of Grace Plaza v Axelrod,* 99 AD2d 575, 576), there was a reasonable basis for respondent's determination. Finally, we reject petitioner's contention that it should not be held to applicable group-related ceilings for the period April 1, 1977 through December 31, 1977 because it received a "very good" service rating as a result of its 1977 rate appeal. Respondent's use of petitioner's 1976 service rating to determine its 1977 rate was reasonable and consistent with the prospective rate methodology *(see, Matter of Beekman-Downtown Hosp. v Whalen,* 44 NY2d 124, 128).

Judgment modified, on the law, without costs, by reversing so much thereof as annulled the administrative salary ceiling and motor vehicle depreciation ceiling, determined that the expense of petitioner's Yellow Pages listing was a fully allowable cost, and determined that an administrative hearing be

held (1) regarding the salary ceiling and motor vehicle depreciation ceiling, (2) to recalculate the rate for the period July 11, 1977 to December 31, 1977 based on the July 1977 service rating, (3) to determine whether a ceiling should be applied to the health-related facility since petitioner's skilled nursing facility was under ceiling, and (4) to determine the reimbursement for the salary of the medical director; matter remitted to respondent for an administrative hearing to determine the extent of petitioner's reimbursement for the cost of its Yellow Pages listing; and, as so modified, affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.