■ In the Matter of COUNTY OF MONROE, on Behalf of

Monroe Community Hospital, Respondent, v Gregory Ka-
ladjian, as Acting Commissioner of the Department of Social
Services of the State of New York, et al., Appellants.—Judg-
ment affirmed without costs. Memorandum: Supreme Court
properly annulled respondents' determination that denied
petitioner's request for an increase in its 1991 Medicaid
reimbursement rate. When the 1983 base year costs of Monroe
Community Hospital (the Hospital) were established in 1986,
pursuant to new regulations promulgated by the Department
of Health (DOH), the Hospital submitted to DOH an estimate
of its electricity costs because it shared an electric meter with
three other buildings owned by petitioner. The estimated
electrical usage for the 1983 base year was 6,929,954 kilowatt
hours. In 1990, a separate meter was installed for the Hospital
that allowed it to determine its actual annual electrical usage
and cost. Significantly, the Hospital ·discovered that its 1990
actual electrical usage was 8,761,200 kilowatt hours. Based
upon that discovery, the Hospital sought an increase in its
prospective Medicaid reimbursement rate, but it erroneously
attributed the increase to the "upgrading and modernizing of
electrical systems". The request was denied and an adminis-
trative appeal was taken. Petitioner, upon that appeal, clari-
fied the reason for its request stating that the installation of
the separate meter for the Hospital in 1990 enabled it to
determine its actual electrical usage and costs. The denial was
upheld on the administrative appeal. Thereafter, petitioner
commenced this CPLR article 78 proceeding. Supreme Court
annulled respondents' determination. We affirm.

Medicaid reimbursement rates to hospitals must be "reason-
able and adequate to meet the costs which must be incurred
by efficiently and economically operated facilities" (Public
Health Law § 2807 [3]). To achieve the legislative directive,
regulations were promulgated for the computation of reim-
bursement rates (see, 10 NYCRR subpart 86-2). The computa-
tion of the "basic rate" includes direct, indirect, noncompara-
ble and capital costs (see, 10 NYCRR 86-2.10 [b] [1] [ii]). The
noncomparable component includes costs which, because of
their nature, are not subject to peer group comparisons,
including electricity costs (see, 10 NYCRR 86-2.10 [f]). Once the
basic rate is established and certified, a medical facility may
request a revision because of errors in the data it submitted,
so long as those errors were brought to the attention of the
Commissioner of DOH within 120 days of the receipt of the
rate computation schedule (see, 10 NYCRR 86-2.13 [a]; 86-2.14
[a] [2]). Here, those errors were timely made known to the

Commissioner. Furthermore, contrary to the contention of the minority, petitioner did not abandon its original claim of error. Rather, it clarified the basis for its claim in the administrative appeal.

The minority's argument that petitioner is endeavoring to obtain a change in the calculation of its base rate was not an argument advanced by respondents either at Supreme Court or on this appeal, and thus, is not before us *(Foster Co. v Terry Contr.,* 34 AD2d 638, 639).

On the record before us, we conclude that respondents' denial of petitioner's application for an upward revision of its reimbursement rate based upon its actual electrical usage was arbitrary and capricious and in direct contravention of the Public Health Law and its implementing regulations.

All concur, except Boomer, J. P., and Pine, J., who dissent and vote to reverse in the following Memorandum.

Boomer, J. P., and Pine, J. (dissenting). We respectfully dissent and would dismiss the petition. Contrary to the determination of Supreme Court, the denial of petitioner's reappeal was not arbitrary and capricious and was in accordance with the Public Health Law and the regulations of the Department. The determination was correct both procedurally and substantively.

After the Department of Health certified petitioner's 1991 Medicaid rate, petitioner filed an appeal stating as one of the bases "Increase in Utility Cost." It explained that "[u]pdating and modernizing of electric systems has caused an increase in the electric usage of 26.4% (1983 kwh, 6,929,954—1990 kwh, 8,761,200)." The appeals bureau denied the appeal insofar as it was based on the increase in utility costs on the ground that "updating and modernizing of the electric system by the facility was not mandated by the Commissioner, nor approved through the Certificate of Need Process".

The regulations provide that the affirmation of the rate shall be final, "unless within 30 days of its receipt a hearing is requested * * * The request shall contain a statement of the factual issues to be resolved" (10 NYCRR 86-2.14 [b] [1]). Petitioner purported to seek relief under that regulation but it did not actually seek a hearing on a factual issue concerning its original appeal. Instead, it sought a hearing on the entirely different basis that its reimbursement rate should be changed because its 1983 electric usage had been estimated and that the actual usage in 1990, as shown by a newly installed meter, was 26% higher than the 1983 estimate. Had this new ground

been raised as a new appeal, it would have been untimely inasmuch as it was not instituted within 120 days from the receipt by petitioner of the commissioner's rate computation sheet (10 NYCRR 86-2.14 [b]).

The request for a hearing was denied by the rate review officer, who stated that, in the request for a hearing, "Monroe Community Hospital revised the reason for the increase in electrical costs: 1983 base year electric costs rates were only estimates * * * Part 86-2 regulations make no provision for additional reimbursement due to a change in the method of capturing costs * * * This appeal and reappeal raises no issues of fact and, therefore, the facility's request for a hearing is denied." We agree that no issue of fact requiring a hearing was raised, nor does petitioner so argue on appeal.

Apart from the fact that the petition should have been dismissed because the claim of error on the timely appeal has been abandoned and no factual issue requiring a hearing was raised on the reappeal, consideration of the underlying regulatory scheme makes it clear that petitioner would not be entitled to the relief it seeks for substantive reasons.

Public Health Law § 2807 (3) provides that the Commissioner of Health shall certify that the proposed rate schedules for payments to hospitals "are reasonable and adequate to meet the costs which must be incurred *by efficiently and economically operated facilities*" (emphasis added). Public Health Law § 2808 (3) provides that the Commissioner of Health shall promulgate regulations which shall relate the rate of payment to, among other considerations, the *"efficient operation"* of the facility (emphasis added). Pursuant to this authority, the Commissioner promulgated regulations establishing the method of computation of Medicaid reimbursement rates for hospitals. Those regulations provide that the operation portion of the rate for the year 1986 and subsequent rate years shall be computed on the basis of allowable costs for the base year 1983 "trended to the rate year" in question (10 NYCRR 86-2.10 [b] [2]).

Section 86-2.14 of the regulations provides that the Commissioner of Health may consider applications for revisions of certified rates only upon certain enumerated bases (10 NYCRR 86-2.14 [a] [1]-[7]). None of those bases provides for revision because of a change in the method of computing the base rate; none provides for a change in the base rate; and none provides for a revision in the current rate based upon actual costs incurred for a year other than the base year.

Indeed, petitioner contends on appeal that it does not challenge the Department's prospective rate-setting methodology, wherein reimbursement is "not * * * made on the basis of costs actually incurred, but on the basis of predicted costs determined in advance" *(Matter of Beekman-Downtown Hosp. v Whalen,* 44 NY2d 124, 128; *see, Matter of Arnot-Ogden Mem. Hosp. v Blue Cross,* 118 AD2d 185, *lv denied* 68 NY2d 611).

The majority states that "a medical facility may request a revision because of errors in the data it submitted, so long as those errors were brought to the attention of the Commissioner of DOH within 120 days of the receipt of the rate computation schedule *(see,* 10 NYCRR 86-2.13 [a]; 86-2.14 [a] [2])." It is unclear, however, what "error" the majority finds. Petitioner does not even allege that there was an "error" in the data it submitted. All petitioner has shown is that, in 1990, the actual kilowatt hours used were 26.4% more than the estimate of kilowatt hours used in the base year, 1983. That does not prove, and petitioner does not allege, that the actual electric usage in 1990 was the same as in 1983 or that the 1983 estimate was erroneous. Many factors other than an erroneous estimate in 1983 could account for the difference between the 1983 estimate and the 1990 metered usage. As petitioner first alleged, the usage may have increased as a result of "[u]pdating and modernizing of the electric system"; the usage may have increased because of the installation of additional equipment; and the usage may have increased because of inefficient use of existing equipment and lighting.

Inasmuch as current costs for electricity are irrelevant under the rate-setting methodology in use, any change in the current rate for electricity (assuming that the adjustments were arithmetically correct) would be possible only if a change were made in the base year. Petitioner's time to appeal from an "error" in the calculation of the base rate, however, has long since expired. Rate appeals relating to base year costs, if not initiated within 120 days of receipt of the Commissioner's initial rate computation sheet, may be initiated only at the time of audit of the base year cost figures (10 NYCRR 86-2.13), and the Department of Health has not instituted such an audit. The case of *Matter of Grace Plaza v Axelrod* (99 AD2d 575, 576) is dispositive in this regard. It held that, in appealing from the certificate of rates for the current year of 1977, the hospital could not challenge figures submitted by it that were used to calculate the rate for the base year of 1975 *(see also, Matter of Grace Plaza v Axelrod,* 157 AD2d 953, 955).

In short, the determination of the Department of Health

denying petitioner's reappeal was neither arbitrary nor capricious. (Appeal from Judgment of Supreme Court, Monroe County, Rosenbloom, J.—Article 78.) Present—Boomer, J. P., Pine, Lawton, Boehm and Davis, JJ.