[603 NYS2d 587]

In the Matter of TRUSTEES OF THE MASONIC HALL AND ASYLUM FUND, Respondent, v COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF HEALTH et al., Appellants.

Third Department, October 28, 1993

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General,* Albany *(Leslie B. Neustadt* and *Peter G. Crary* of counsel), for appellants.

*Bondy & Schloss,* New York City *(Joseph S. Rosenthal* and *Daniel S. Steinberg* of counsel), for respondent.

OPINION OF THE COURT

CASEY, J.

■ At issue on this appeal is whether Supreme Court erred when it directed respondents to recalculate petitioner's Medicaid reimbursement rates from 1987 through 1991 based upon its holding that the rate-making methodology contained in 10 NYCRR 86-2.10 (a) (3), which continued the distinction between a skilled nursing facility (hereinafter SNF) and a health-related facility (hereinafter HRF), violated Federal law. Petitioner, a participant in the Medicaid reimbursement program, operates a 388-bed facility which provides both SNF and HRF services. Facilities with more than 300 beds are reimbursed for indirect costs at a higher rate than those with fewer than 300 beds, but prior to 1990 a facility that provided both types of services, as petitioner's facility does, was reimbursed for indirect costs separately for each category. Thus, petitioner, whose facility has fewer than 300 beds in either the SNF or HRF category, was reimbursed as though it was two facilities, each with fewer than 300 beds. Pursuant to changes in Federal Medicaid law, States were directed to calculate reimbursement rates without regard to the SNF/HRF distinction (see, 42 USC § 1396a [a] [13] [A]).

To comply with the Federal requirement, respondent Commissioner of Health amended the relevant State regulations, effective October 1, 1990, to provide for a gradual transition from the old methodology to a new one in which the SNF/HRF distinction was abolished. The regulations were further amended in April 1991 to provide that a combined SNF/HRF facility be classified as having over 300 beds only if it had over 300 beds in either category alone as of September 30, 1990 (see, 10 NYCRR 86-2.10 [a] [3]). The amendment also eliminated the gradual transition to the new methodology and substituted a delayed implementation, which provided that the rates would be calculated in accordance with the old methodology as in effect on September 30, 1990 until July 1, 1992, when the new methodology would be effective (see, 10 NYCRR 86-2.10 [s]).

After seeking administrative review of its 1987 through 1991 reimbursement rates based in part upon its claim that it should have been placed in the 300 or more beds category for the purpose of reimbursing indirect costs, petitioner commenced this CPLR article 78 proceeding. Included in the relief sought by petitioner is a judgment directing respondents to

recalculate petitioner's 1987 through 1991 reimbursement rates on the basis of its inclusion in the 300 or more beds category and a declaration that the April 1991 amendment to 10 NYCRR 86-2.10 is null and void. Supreme Court held that the amended regulation was in direct conflict with Federal law to the extent that the amendment sought to continue the SNF/HRF distinction. The judgment annulled petitioner's 1987 through 1991 rates, declared 10 NYCRR 86-2.10 (a) (3) null and void to the extent that it refers to the SNF/HRF distinction in determining whether a facility has 300 or more beds, and remitted the matter to respondents to recalculate petitioner's rates without reference to the SNF/HRF distinction. Respondents appeal only from that portion of the judgment that annulled petitioner's rates for 1987 through 1991 and directed respondents to recalculate the rates.

Relying upon *Matter of Amsterdam Nursing Home Corp. v Commissioner of N. Y. State Dept. of Health* (192 AD2d 945), respondents contend that inasmuch as the amendment to 10 NYCRR 86-2.10 that was nullified by Supreme Court was not to take effect until July 1, 1992, it was improper to order recalculation of rates prior to that date. Supreme Court's holding as to the validity of the amended regulation is based exclusively on the Federal requirement that the SNF/HRF distinction be eliminated. The Federal requirement was not effective until October 1, 1990 and, therefore, Supreme Court clearly erred in directing respondents to recalculate rates that were in effect prior to that date.

In the *Amsterdam Nursing Home* case, this Court held that the petitioners, who challenged only the amendment to 10 NYCRR 86-2.10 (a) (3), were not entitled to recalculation of their rates for the period from October 1, 1990 through June 30, 1992 because the petitioners had not challenged the amendment to 10 NYCRR 86-2.10 (s), which delayed implementation of the new methodology until July 1, 1992. The petition herein, however, does not limit its challenge to the April 1991 amendment to 10 NYCRR 86-2.10 (a) (3). Rather, the fourth cause of action in the petition is directed at the entire regulation contained in 10 NYCRR 86-2.10 and alleges that "[t]he regulation, as amended, impermissibly varies reimbursement of indirect costs based upon the number of beds in a particular level of care, i.e., SNF or HRF. It is this very distinction that Congress * * * intended to eliminate." Included in this broad allegation based upon the Federal requirement is a challenge to 10 NYCRR 86-2.10 (s) as amended

in April 1991 insofar as it delays implementation of the new methodology and continues the use of the SNF/HRF distinction eliminated by Federal law. We conclude, therefore, that petitioner herein has not restricted its challenge as had the petitioners in the *Amsterdam Nursing Home* case. Nevertheless, the relief to which petitioner is entitled is relatively narrow.

If 10 NYCRR 86-2.10 (s) is invalidated insofar as it effectively continues the SNF/HRF distinction beyond the October 1, 1990 deadline for elimination fixed by Federal law, petitioner is not entitled to an immediate recalculation of rates as of October 1, 1990 without reference to the SNF/HRF distinction. The regulatory amendments that were in effect prior to the April 1991 amendment but subsequent to September 30, 1990 provided for a gradual transition to the new methodology. The amendments providing for a gradual transition were not challenged by petitioner and, therefore, we are of the view that upon the invalidation of 10 NYCRR 86-2.10 (s), as amended in April 1991, petitioner's rates for the period subsequent to September 30, 1990 are subject to the relevant amendments that provided for a gradual transition and were in effect prior to the adoption of the April 1991 amendment. The recalculation ordered by Supreme Court should be modified accordingly.

■ Petitioner contends that regardless of the Federal law mandating elimination of the SNF/HRF distinction, Supreme Court's direction that respondents recalculate petitioner's 1987 through 1991 rates without reference to the distinction should be affirmed because use of the distinction is arbitrary and capricious and resulted in rates that are not reasonable and adequate. Supreme Court did not reach this issue and we find insufficient evidence in the record to support petitioner's claim. The use of the SNF/HRF distinction in calculating the rates for a single facility that provides both types of services is not, in and of itself, arbitrary and capricious *(see, Matter of Cortlandt Nursing Care Ctr. v Whalen,* 46 NY2d 979), and the evidence in the record does not support petitioner's claim that the distinction resulted in rates that were arbitrary and capricious, regardless of whether petitioner's challenge is to the rationality of the rate-setting methodology on its face or as applied to petitioner *(see, Matter of North Shore Univ. Hosp. Ctr. for Extended Care & Rehabilitation v Commissioner of N. Y. State Dept. of Health,* 190 AD2d 494).

As a final matter, we note that in the absence of any

statutory authorization, express or implied, for an award of interest, Supreme Court erred in directing respondents to pay interest on any reimbursement due to petitioner as a result of the recalculation (see, Buffalo Columbus Hosp. v Axelrod, 127 AD2d 987; Demisay v Whalen, 84 AD2d 902; see also, Matter of Trustees of Masonic Hall & Asylum Fund v Commissioner of N. Y. State Dept. of Health, — AD2d —, 1993 NY Slip Op 7784 [decided herewith]).

MIKOLL, J. P., MERCURE, CARDONA and MAHONEY, JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by deleting the second and fourth decretal paragraphs and so much of the sixth decretal paragraph as directs respondents to pay interest; respondents are directed to recalculate the indirect cost component of petitioner's Medicaid reimbursement rates for the period subsequent to September 30, 1990 using the relevant regulations which provided for a gradual transition to the new methodology and were in effect prior to the adoption of the April 1991 amendment to 10 NYCRR 86-2.10; and, as so modified, affirmed.