■ In the Matter of NEW YORK STATE HEALTH FACILITIES ASSOCIATION, INC., et al., Respondents, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants. [605 NYS2d 497] —Cardona, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered October 16, 1992 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* annul determinations by respondents establishing Medicaid reimbursement rates.

Petitioners include operators of nursing facilities that participate in the Medicaid reimbursement program and petitioner New York State Health Facilities Association, Inc. is a representative organization of participants in the Medicaid reimbursement program. Petitioners originally brought eight separate CPLR article 78 proceedings to challenge respondents' promulgation of a regulation, 10 NYCRR 86-2.10 (c), (d), that provides an across-the-board reduction in the base prices for the direct and indirect components of Medicaid reimbursement (hereinafter the base reduction regulation).* The proceedings were subsequently consolidated.

In their amended petition, petitioners sought, *inter alia,* annulment of their 1989 through 1991 rates, a declaration that the base reduction regulation was void and an injunction enjoining respondents from implementing the base reduction regulation in the future. Petitioners argue that (1) the base reduction regulation is void because it lacks a rational basis under State law, (2) the base reduction regulation is violative of the Federal requirement that Medicaid reimbursement rates be reasonable and adequate to meet the costs of efficiently and economically operated facilities *(see,* 42 USC

---

* For a discussion of the base reduction regulation and its impact on the calculation of petitioners' Medicaid reimbursement rates, see, *Matter of Consolation Nursing Home v Commissioner of N. Y. State Dept. of Health* (194 AD2d 149).

§ 1396a [a] [13] [A]) (hereinafter the Boren amendment), and (3) the base reduction regulation was enacted in violation of the Boren amendment because respondents failed to make findings and provide assurances to the Federal Health Care Financing Administration within the meaning of the Boren amendment. Supreme Court agreed with these claims and declared the base reduction regulation void. In its judgment, Supreme Court directed respondents to recalculate petitioners' rates without reference to the base reduction regulation and to pay all amounts owed together with interest for each of the applicable rate years.

This appeal presents the very issue addressed and decided by this Court in *Matter of Consolation Nursing Home v Commissioner of N. Y. State Dept. of Health* (194 AD2d 149), namely, the validity of the base reduction regulation. In that case, we held that the regulation lacked a rational basis under State law. That determination is conclusive on this appeal. In light of that decision, we need not address petitioners' procedural and substantive Boren amendment claims for invalidating the base reduction regulation. We do, however, find it necessary to address two other points raised by respondents on this appeal.

Respondents argue that petitioners' claims regarding their 1989 rates are barred by the applicable Statute of Limitations (CPLR 217) for those petitioners that did not file timely administrative appeals of the application of the base reduction regulation to their rates. However, as we observed in *Matter of Consolation Nursing Home v Commissioner of N. Y. State Dept. of Health (supra):* "A determination of the Department of Health affecting a facility's Medicaid reimbursement rates is generally deemed 'final and binding' for CPLR article 78 purposes upon receipt of the rate recomputation notice apprising the facility of its actual reimbursement rate *(see, New York State Assn. of Counties v Axelrod,* 78 NY2d 158, 165-166), or upon the receipt of a determination following an administrative appeal" *(supra,* at 152). Although petitioners received their 1989 rate sheets on or about May 4, 1989, they were not apprised of their actual reimbursement rates until on or about November 22, 1989, when petitioners received revised rate sheets reflecting the impact of both the base reduction regulation and the nursing salary adjustment *(see, supra)* promulgated in conjunction with it. Because this proceeding was commenced within four months of petitioners' receipt of the revised rate sheets, this proceeding is timely.

We agree, however, with respondents' assertion that Su-

preme Court's award of interest on any amounts due petitioners after recalculation of their rates was improper *(see, Matter of Trustees of Masonic Hall & Asylum Fund v Commissioner of N. Y. State Dept. of Health,* 197 AD2d 806).

Finally, we deem it appropriate to partially convert this CPLR article 78 proceeding into a declaratory judgment action *(see, Matter of Consolation Nursing Home v Commissioner of N. Y. State Dept. of Health, supra).*

Weiss, P. J., Mercure, White and Mahoney, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by deleting that portion of the third decretal paragraph which directed respondents to pay interest and partially converting the matter to a declaratory judgment action; it is declared that 10 NYCRR 86-2.10 (c), (d) is invalid as lacking a rational basis; and, as so modified, affirmed.