■ In the Matter of STEVEN M. OSTROW, Respondent-Appellant, v MARY JO BANE, as Commissioner of the New York State Department of Social Services, Appellant-Respondent. [624 NYS2d 220] —In a proceeding pursuant to CPLR article 78 to compel the respondent Commissioner of the New York State Department of Social Services to make certain Medicaid reimbursement payments to the petitioner, the Commissioner appeals from a judgment of the Supreme Court, Kings County (Yoswein, J.), dated March 25, 1993, which granted the petition. The petitioner cross-appeals from so much of the judgment as failed to award interest on all "pended" claims.

Ordered that the judgment is affirmed, with costs to the petitioner.

The petitioner, a provider of medical services to Medicaid

patients at all relevant times herein, submitted various claims to the New York State Department of Social Services (hereinafter the DSS) for procedures totaling $141,160. The DSS, rather than paying or denying the claims, "pended" them for further review (see, 18 NYCRR 504.8). The petitioner waited until the last of his claims had been pending for at least one year. He then commenced this proceeding pursuant to CPLR article 78 to compel payment of all moneys owed. The petitioner argued that such a delay by the DSS in determining his claims constituted a violation of the relevant procedural requirements and time limits. We agree.

Although 18 NYCRR 504.8 permits the DSS to, among other things, approve, deny, or "pend" a claim, contrary to the arguments of the DSS, a pended claim may still, as here, be subject to the procedural and time constraints enunciated in 18 NYCRR part 518 (see, e.g., Matter of Medicon Diagnostic Labs. v Perales, 74 NY2d 539). Here, however, none of the various procedural safeguards were undertaken and the DSS went well beyond the relatively narrow time frame contemplated by part 518. Accordingly, on the facts, the court properly ordered judgment in favor of the petitioner (see, Matter of Bay Ridge Diagnostic & Analytical Lab. v Smith, 71 AD2d 889; see also, 18 NYCRR 302.2; Matter of Siddiqui v New York State Dept. of Social Servs., 116 AD2d 909; Matter of Brown v New York State Dept. of Social Servs., 106 AD2d 740).

Further, the court properly denied interest on the pended claims (see, Matter of Trustees of Masonic Hall & Asylum Fund v Commissioner of N. Y. State Dept. of Health, 193 AD2d 249; Buffalo Columbus Hosp. v Axelrod, 127 AD2d 987; Demisay v Whalen, 84 AD2d 902).

We have examined the remaining contentions of the appellant-respondent and find them to be without merit. Balletta, J. P., Thompson, Lawrence and Goldstein, JJ., concur.