Cardona, EJ.
Appeal from an order of the Court of Claims (Collins, J.), entered October 10, 2002, which, inter alia, granted defendant’s cross motion to dismiss the claim.
Claimant, the operator of a 240-bed nursing home facility providing Medicaid services pursuant to a Medicaid provider agreement (see 42 USC § 1396 et seq.), brought this breach of contract action alleging, inter alia, that payment of certain Medicaid reimbursement funds by the Department of Health (hereinafter DOH) was delayed for an extended period of time and, therefore, claimant is entitled to recover interest. The controversy stems from claimant’s involvement in a labor contract dispute with employees represented by Local 144 of the *676 Hotel, Hospital, Nursing Home and Allied Services Union, SEIU, AFL-CIO (hereinafter Local 144). In October 1989, claimant entered into a letter agreement with DOH pursuant to which, inter alia, claimant promised to pay to Local 144 amounts that it held in increased reimbursements previously paid by DOH over a certain time period.
As a result of the above, Local 144 and claimant settled the labor dispute in May 1991 by an order entered upon a stipulation of settlement (see Local 144 Hotel, Hosp., Nursing Home & Affiliated Servs. Union, SEIU, AFL-CIO v C.N.H. Mgt. Assoc., 799 F Supp 1554, 1554 [1992]). Without Local 144’s knowledge, however, claimant’s representatives had met with DOH officials shortly before the settlement was reached to discuss computational errors resulting in an estimated $3.3 million in additional reimbursements to be paid to claimant (see Concourse Nursing Home v Engelstein, 181 Misc 2d 85, 86 [1999], affd 278 AD2d 35 [2000]). Upon learning of claimant’s action, Local 144, inter alia, notified DOH that there were inconsistencies in the labor costs that claimant reported to DOH triggering an audit by the Department of Social Services (hereinafter DSS). Payment of the $3.3 million was held in abeyance until the completion of the audit (see id.). In July 1991, DOH submitted the original reimbursement amount to the Division of the Budget for approval (see Local 144, Hotel, Hosp., Nursing Home & Affiliated Servs. Union, SEIU, AFL-CIO v C.N.H. Mgt. Assoc., supra at 1557). In May 1995, DSS issued a final audit report finding that DOH’s determination of original reimbursement amounts due claimant was incorrect and calculated an estimated downward adjustment of $2,242,605 in Medicaid reimbursements. In the meantime, DOH processed claimant’s administrative appeals paying $3.3 million in reimbursements to claimant in July or August 1996. As a result of the audit, however, DSS recouped approximately $2.2 million from the $3.3 million adjustment.
In September 1999, claimant filed the present claim seeking, inter alia, specific performance of the letter agreement. In October 2000, claimant and DOH entered into a settlement agreement by which the audit adjustment was eliminated and the recouped funds, less an unrelated offset, were agreed to be paid to claimant. According to claimant, the disputed amounts were paid in January 2001. In March 2001, claimant filed an amended claim seeking, among other things, an accounting and interest on the $3.3 million amount from approximately July 1991 until it was finally paid. Following joinder of issue, the court denied claimant’s summary judgment motion, granted defendant’s cross motion and dismissed the claim.
*677 On appeal, claimant maintains that the Court of Claims erred in concluding that there is no basis to award interest on the $3.3 million payment. In doing so, claimant acknowledges that there is no authority in the Medicaid statutes that allows for such interest and that case law has consistently held predecision and postjudgment interest to be nonrecoverable under these and similar circumstances (see e.g. Matter of Rye Psychiatric Hosp. Ctr. v Surles, 218 AD2d 853 [1995], lv denied 87 NY2d 803 [1995]; Matter of Ostrow v Bane, 213 AD2d 651 [1995]; New York State Assn. of Counties v Axelrod, 213 AD2d 18 [1995], lv dismissed 87 NY2d 918 [1996]; Matter of New York State Health Facilities Assn. v Axelrod, 199 AD2d 752, 754 [1993], revd on other grounds 85 NY2d 326, 332 [1995]; Matter of Trustees of Masonic Hall & Asylum Fund v Commissioner of New York State Dept. of Health, 193 AD2d 249 [1993], appeal dismissed 83 NY2d 802 [1994]; Buffalo Columbus Hosp. v Axelrod, 127 AD2d 987 [1987]; Matter of Schwartzberg v Axelrod, 115 AD2d 891 [1985]; Demisay v Whalen, 84 AD2d 902. [1981]; see also Social Services Law § 367-a). Nevertheless, claimant argues that these cases are distinguishable because they were apparently not presented under a breach of contract theory.* Specifically, claimant alleges that DOH breached the Medicaid provider agreement and the 1989 letter agreement and, as a result, and notwithstanding the October 2000 settlement agreement, contends predecision interest is due on the $3.3 million after July 1991 pursuant to CPLR 5001 (a).
We are unpersuaded by claimant’s argument. While it is true that interest may be awarded to a claimant upon defendant’s breach of a contract in certain cases (see e.g. Love v State of New York, 78 NY2d 540, 545-546 [1991]), such cases are distinguishable from instances where the payments involved are from a benefit fund (see Matter of Schwartzberg v Axelrod, supra at 894). Specifically, herein, neither the Medicaid provider agreement nor the 1989 letter agreement established a contractual duty of DOH that is independent of its statutory obligations to provide Medicaid reimbursement.
In any event, even assuming that interest could be awarded under these circumstances, claimant’s assertion that a breach of contract was established is not compelling. Claimant’s contractual argument is contravened by the Medicaid provider agreement itself which refers to applicable DSS regulations. Those regulations require providers to accept payments under *678 the Medicaid program as payment in full (see 18 NYCRR 504.3 [c]). Significantly, Medicaid reimbursement rates are provisional and a provider has no vested right to such reimbursement rates until they are audited or until the time to conduct an audit has expired (see Matter of Astor Gardens Health Care Ctr. v Novello, 304 AD2d 961, 964 [2003]; see also 10 NYCRR 86-2.7, 86-2.13). Under these particular circumstances, we find no reason to depart from prior case law establishing that payment of interest is not authorized.
Given the above conclusion, it is unnecessary to consider the remaining arguments raised by the parties, including defendant’s assertion that all or part of the claim is time-barred.
Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.

 We note that defendant, in its brief, disputes claimant’s assertion that breach of contract theories have not been considered by courts presented with similar claims.