◼ Paul D. Smith, Respondent, v Lori A. Smith, Appellant. [794 NYS2d 468]—Carpinello, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered April 26, 2004 in Ulster County, granting, inter alia, defendant a distributive award, upon a decision of the court.

In a prior decision of this Court, we remitted the matter to Supreme Court for clarification of certain issues that arose on appeal in the context of this action for, among other relief, divorce and equitable distribution (1 AD3d 870 [2003]). One such issue concerned a $178,833 disparity between the court's overall distribution of the parties' marital assets and those assets retained by each of them. Specifically, it was unclear whether a monetary distributive award was necessary to rectify any imbalance or effectuate the court's overall distribution. Upon remittitur, Supreme Court sought to clarify these issues and, in so doing, granted defendant a distributive award in the

amount of $50,000 to be paid in biannual installments for five years.

To the extent properly before us,* we reject plaintiff's objections to the distributive award. After quantifying the marital debt for which plaintiff was responsible and the value of personal property for which defendant received an offset, Supreme Court found that a $100,000 disparity remained between the parties' award and then granted defendant one half of this sum. In the absence of a cross appeal by defendant, we will not disturb these findings. Moreover, noting that the manner in which a distributive award is to be paid is discretionary (*see Unger-Matusik v Matusik*, 276 AD2d 936, 938 [2000]; *see also* Domestic Relations Law § 236 [B] [5] [e]), we find no abuse of discretion here.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

---

* For example, plaintiff now argues that his veterinary practice was overvalued by Supreme Court. Consideration of this issue, as well as certain others, is foreclosed since he did not raise it on the prior appeal (*see e.g. Matter of Schwartzberg v Axelrod*, 115 AD2d 891, 892 [1985]; *see generally People v Martinez*, 194 AD2d 741, 741-742 [1993], *lv denied* 82 NY2d 756 [1993]).