AMERICAN ASSOCIATION OF BIOANALYSTS et al., Appellants-Respondents, v NEW YORK STATE DEPARTMENT OF HEALTH, Respondents-Appellants. [823 NYS2d 552]—

Rose, J. Cross appeals from an order of the Supreme Court (Tomlinson, J.), entered October 21, 2005 in Albany County,

which, inter alia, partially granted the parties' motions for summary judgment.

Plaintiffs are a trade association and a number of its clinical laboratory members holding permits issued by defendant New York State Department of Health (hereinafter Department) pursuant to Public Health Law title V. To assure the quality and accuracy of the testing services performed by such laboratories, the Department operates an inspection and reference program (hereinafter the program). The program includes the periodic inspection and evaluation of the laboratories' "facilities, methods, procedures, materials, staff and equipment to assess compliance with requirements set forth in [title V]" (Public Health Law § 576 [1]). It also includes the operation of a "reference system" (*see* Public Health Law § 576 [3]), which is "a system of periodic testing of methods, procedures and materials of clinical laboratories . . . , including, but not limited to, the distribution of manuals of approved methods, inspection of facilities, cooperative research, and periodic submission of test specimens for examination" (Public Health Law § 571 [3]). Plaintiffs are required to pay annual inspection and reference fees to reimburse the Department for the "total actual costs" of operating and administering the program, and these fees are to be calculated as provided in Public Health Law § 576 (4) (b) and (e).

Claiming that, among other things, the Department's calculations improperly included costs unrelated to the program and the resulting annual fees are illegal, arbitrary and capricious, plaintiffs commenced this action seeking injunctive relief and a full refund of all fees collected for the years at issue. Upon the parties' cross motions for summary judgment, Supreme Court found that defendants failed to properly keep an account of the program's actual costs, and improperly included unrelated costs in its annual fees. The court declared that such defects do not preclude charging for expenses actually incurred in operating and administering the program, and that it was proper for defendants to include the costs of cooperative research and method validation to the extent outlined in the court's interpretation of the statutory definition of those program components. The court also held that indirect costs of the program, such as overhead expenses, could be included in its actual costs, and that a prior stipulation forecloses plaintiffs' challenge to the amount of indirect costs assessed. Beyond these broad declarations, the court held that defendants had raised questions of fact as to which costs were properly includable and denied summary judgment. The parties cross-appeal, and we affirm.

As a threshold matter, defendants contend that this action must be converted to a CPLR article 78 proceeding (*see* CPLR 103 [c]). In our view, however, Supreme Court implicitly converted a portion of this action when it applied the proper statute of limitations (*see* CPLR 217) and the correct standard of review (*see* CPLR 7803 [3]). Inasmuch as plaintiffs have sought types of relief that could be obtained only in a hybrid action/special proceeding, we need do no more than confirm that the issues on appeal are being addressed in the article 78 proceeding portion of this hybrid action/special proceeding (*see Matter of Sutherland v Glennon*, 221 AD2d 893, 894 [1995]).

Next, we agree with Supreme Court that the words "actual costs" are used in Public Health Law § 576 (4) (b) and (e) to distinguish them from "estimated costs" and to refer to those which were in fact incurred by the Department in operating the program during a particular fiscal year. Such costs properly include both direct and indirect costs necessarily incurred in support of the program (*see e.g. Matter of Crest Mainstream v Mills*, 257 AD2d 969, 969-970 [1999]; *Arnot-Ogden Mem. Hosp. v Axelrod*, 129 AD2d 103, 110-111 [1987], *appeal dismissed* 70 NY2d 795 [1987]; *Matter of Harr-Wood Nursing Home v Perales*, 113 AD2d 535, 538 [1986]; *Matter of Joslin v Regan*, 63 AD2d 466, 471 [1978], *affd* 48 NY2d 746 [1979]).

In any event, as to indirect costs, Supreme Court correctly found that plaintiffs had entered into a 1988 stipulation of settlement of an earlier action in which they agreed not to challenge the Department's use of the federal grant indirect-cost percentage as computed pursuant to Federal Circular A-87. There is no real dispute that New York and the federal government have negotiated an agreement setting this percentage at 40% of personnel costs for the years at issue here, and plaintiffs have presented only conclusory allegations that this agreement is not in compliance with the Circular.

Nor did Supreme Court err in defining the cooperative research and method validation components of the program's reference system. Although plaintiffs contend that no costs of these components should be included in the calculation of annual fees, the court appropriately deferred to the Department's interpretive expertise—to the extent that it was not unreasonable—in determining the limits of what is properly includable (*see e.g. Kennedy v Novello*, 299 AD2d 605, 607 [2002], *lv denied* 99 NY2d 507 [2003]; *Matter of Ellis Ctr. for Long Term Care v DeBuono*, 261 AD2d 791, 794 [1999], *appeal dismissed* 93 NY2d 1037 [1999]).

There remains no real dispute that defendants did not annu-

ally compute the actual costs incurred by the Department to operate the program as required by Public Health Law § 576 (4) (b) and (e) (*see American Assn. of Bioanalysts v New York State Dept. of Health*, 12 AD3d 868, 869 [2004]). While, as we have said, the Department's method of allocating costs to the program is entitled to proper deference (*see Matter of Ellis Ctr. for Long Term Care v DeBuono, supra* at 794; *see also Matter of Moran Towing & Transp. Co. v New York State Tax Commn.*, 72 NY2d 166, 173 [1988]), we agree that defendants' admitted lack of compliance with the record keeping and computation mandates of the statute constitutes arbitrary and capricious conduct during the years at issue. However, unlike in *American Assn. of Bioanalysts v Axelrod* (106 AD2d 53 [1985], *appeal dismissed* 65 NY2d 847 [1985]), where a fee schedule was invalidated in its entirety because it was improperly promulgated under an earlier version of the same statute, defendants' failure to comply here does not warrant voiding the fees entirely and granting full refunds. Rather, since the fees collected will be improper only to the extent that they are shown to have been based on an amount in excess of the actual costs of the program (*see Jewish Reconstructionist Synagogue of N. Shore v Incorporated Vil. of Roslyn Harbor*, 40 NY2d 158, 163 [1976]; *Matter of Phillips v Town of Clifton Park Water Auth.*, 286 AD2d 834, 834-835 [2001], *lv denied* 97 NY2d 613 [2002]), the appropriate remedy—after Supreme Court resolves at trial the factual questions as to which costs are properly includable—will be a remand to the Department to calculate the annual fees based solely on such costs and then refund any excess that was collected (*see Matter of Society of N.Y. Hosp. v Axelrod*, 70 NY2d 467, 475 [1987]; *St. Joseph's Hosp. Health Ctr. v Department of Health of State of N.Y.*, 247 AD2d 136, 156 [1998], *lv denied* 93 NY2d 803 [1999]; *Matter of Trustees of Masonic Hall & Asylum Fund v Commissioner of N.Y. State Dept. of Health*, 193 AD2d 249, 253 [1993], *appeal dismissed* 83 NY2d 802 [1994]).

We have considered the parties' remaining contentions and find them to be without merit. Accordingly, we find that Supreme Court properly concluded that, despite uncontroverted evidence of improper computations, the amount of any refund of overcharges depends upon resolution of questions of fact after trial.

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.