In the Matter of COMMUNITY RELATED SERVICES, INC. (CRS), Respondent, v ANTONIA NOVELLO, M.D., as Commissioner of the New York State Department of Health, et al., Appellants. [838 NYS2d 552]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered January 5, 2007, which granted the petition and directed respondents to terminate the May 2, 2005 administrative withholding of 25% of petitioner's Medicaid reimbursement payments and to release all funds withheld thereunder, without affecting subsequent administrative withholding orders, unanimously affirmed, without costs.

In deciding the point at which petitioner's administrative remedies are exhausted, a pragmatic approach must be applied. "The exhaustion rule . . . need not be followed, for example, when an agency's action is challenged as either unconstitutional or wholly beyond its grant of power, or when resort to an administrative remedy would be futile or when its pursuit would cause irreparable injury" (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978] [citations omitted]). Here, there was an adequate basis for an exception (*see Matter of Herberg v Perales*, 180 AD2d 166 [1992]) on the basis of findings that respondent Department of Health disregarded its own rules in failing to notify petitioner of the termination of the Medicaid Fraud Control Unit's investigation (despite petitioner's efforts to discover the status of the matter) until after the CPLR article 78 proceeding was commenced, and the knowledge that petitioner would suffer irreparable harm if operating funds were not released.

As to the merits, the Department commenced the May 2, 2005 "withhold" process at the request of its Fraud Control Unit. The basis for the relief sought in the amended petition included

that under 18 NYCRR 518.7 (d) (3), the May 2, 2005 "withhold" order could continue only "until the agency or prosecuting authority determines that there is insufficient evidence to support an action against the provider . . . or until the agency . . . proceedings are completed." The Department stipulated that its investigation, which did not find any wrongdoing, ended in December 2005, and that there was no basis for continuing the "withhold" thereafter. This established petitioner's clear entitlement to the relief sought in that it was denied requisite procedural safeguards, and the Department went beyond the relatively narrow time frame contemplated in 18 NYCRR part 518 when it continued to withhold reimbursements after the December 2005 termination of the Fraud Control Unit's initial investigation (*see Matter of Ostrow v Bane*, 213 AD2d 651 [1995]). As the court found, the fact that a new investigation was commenced could not retroactively serve as a basis for the five-month gap during which 25% of petitioner's Medicaid reimbursement was withheld.

This does not leave respondents without a remedy. As the footnote to the decretal paragraph of the court's order notes, the "75% [March 2006] withhold remains in place, as does any new withhold." The Department may thus retain any funds lawfully withheld pursuant to such later orders. Concur—Sullivan, J.P., Buckley, Gonzalez, Sweeny and Kavanagh, JJ.