In the Matter of SIGNATURE HEALTH CENTER, LLC, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [938 NYS2d 130]—

Contrary to the petitioner's contention, upon reargument, the Supreme Court properly adhered to its original determination denying that branch of the petition which was for an award of interest on certain funds withheld by the New York State Department of Health (hereinafter the DOH) pursuant to 18 NYCRR 518.7 (a), and, in effect, dismissing that portion of the proceeding. 18 NYCRR 518.7 (a) permits the DOH to withhold

payment on the Medicaid claims of medical and health care providers when there is "reliable information that a provider is involved in fraud or willful misrepresentation involving claims submitted to the program, or has abused the program or committed an unacceptable practice." 18 NYCRR 518.7 (d) provides that such withholding "may continue only temporarily." When initiated by a State agency other than the DOH or by a law enforcement authority, "the withhold may continue until the agency or prosecuting authority determines that there is insufficient evidence to support an action against the provider or its affiliate, or until the agency or criminal proceedings are completed" (18 NYCRR 518.7 [d] [3]).

Here, the petitioner contended, inter alia, that the DOH withheld payment on its claims pursuant to a withholding initiated by the New York State Comptroller (hereinafter the Comptroller) beyond the time limit set forth in 18 NYCRR 518.7 (d) and, thus, that it was entitled to damages, in the form of interest on the funds wrongfully withheld. We agree with the Supreme Court that, contrary to the petitioner's contention, the DOH's authority to withhold payment on the petitioner's claims did not expire on December 7, 2006, when the Comptroller issued a final audit report of selected Medicaid payments made to the petitioner. Rather, the concerns raised by the Comptroller in that report, along with the recommendation and directives contained therein, indicate that the Comptroller's proceedings with respect to the petitioner were not "completed" on December 7, 2006 (18 NYCRR 518.7 [d] [3]).

The petitioner's reliance on *Matter of Community Related Servs., Inc. (CRS) v Novello* (41 AD3d 323 [2007]), is misplaced. In that case, the New York State Department of Social Services "stipulated that its investigation, which did not find any wrongdoing, ended in December 2005, and that there was no basis for continuing the 'withhold' thereafter" (*id.* at 324). Here, contrary to the petitioner's contention, the Comptroller's proceedings did not end on December 7, 2006, and the Comptroller's audit of the petitioner identified various concerns that led to an ongoing investigation by the Medicaid Fraud Control Unit of the New York State Department of Law.

The petitioner's remaining contentions are not properly before this Court, or have been rendered academic in light of our determination. Dillon, J.P., Lott, Roman and Cohen, JJ., concur. **[Prior Case History: 29 Misc 3d 769.]**